**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROL MISSRY and HYMAN MISSRY, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>v.<br><br>SAMUEL MESSINGER, AMERICA'S TRUST INSURANCE, and ATI AGENCY, INC.,<br><br>                 Defendants. | NO. 1:18-cv-07226-SJ-LB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY** |

Plaintiffs Carol Missry and Hymie Missry, by their undersigned counsel, for this class action Complaint against Defendants Samuel Messinger, America's Trust Insurance, and ATI Agency, Inc., doing business as "Nationwide Health" and/or "Health Enrollment Center", and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendants"), allege as follows:

### I.  INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiffs, individually and as class representatives for all others similarly situated, bring this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. Specifically, Defendants subjected Plaintiffs to unwanted calls after Plaintiff Carol Missry told Defendants not to contact her.

### II.  PARTIES

3. Plaintiffs Carol Missry and Hyman Missry reside in Brooklyn, New York.

4. Defendants America's Trust Insurance and ATI Agency, Inc. are Florida corporations with principal places of business in Pompano Beach, Florida.

1

5. Defendant Samuel Messinger is an individual who owns and runs America's Trust Insurance and ATI Agency, Inc, and whose principal place of business is in Pompano Beach, Florida.

6. In a filing with the Florida Secretary of State dated January 22, 2018 Mr. Messenger is listed as an Officer/Director and the Current Registered Agent of ATI Agency, Inc.

7. Plaintiffs do not know the exact role of each Defendant in the wrongdoing alleged herein, since that information is solely within the knowledge of Defendants.

8. Defendants do business under various names, including "Nationwide Health" and the "Health Enrollment Center."

9. Defendants are jointly and severally liable for the conduct alleged herein.

### III.   JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

11. This Court has personal jurisdiction over Defendants because they have submitted to the jurisdiction of New York by conducting business in New York and the wrongful acts alleged in this Complaint were directed to New York.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events at issue in this case occurred in this District.

### IV.   THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

13. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The

TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

15. The TCPA also requires that telemarketers maintain internal lists of people who have requested not to be contacted in the future. See 47 C.F.R. § 64.1200(d).

16. Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

## V. FACTUAL ALLEGATIONS

**Allegations Pertaining to Defendants**

17. Defendants hold themselves out as brokers of health insurance plans.

18. Specifically, Defendants claim to be able to reduce health insurance premiums.

19. Part of Defendants' strategy for increasing the volume of their customers involves the use of an automatic telephone dialing system ("ATDS") and/or automated or prerecorded messages to solicit business.

20. Defendants generate leads through social media advertising, including the use of an online form, maintained by Defendants or their agents, which potential customers complete and submit.

21. At the bottom of the form in fine print is language which states that by clicking "Submit" the visitor authorizes up to "eight insurance companies or their agents or partner companies, including GoHealth, eHealth, or Select Quote" to contact them "using an automated telephone dialing system and/or an artificial or prerecorded voice, text message or email."

22. A link in the fine print text brings the visitor to a page which lists over one hundred companies.

23. One of the listed companies is "America's Trust."

3

24. Defendants use ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

25. Defendants have failed to follow the required procedures for recording, maintaining, and/or following requests not to be called.

**Allegations Pertaining to Plaintiffs**

26. Plaintiffs own a cellular telephone which is billed to Hyman Missry.

27. Plaintiffs' phone is used for personal and household purposes only and is not used for professional purposes.

28. In March of 2018, Carol Missry was interested in researching health insurance plans for her spouse, Plaintiff Hyman Missry.

29. Ms. Missry saw a post on social media advertising health insurance and claiming to be able to lower health insurance premiums.

30. Ms. Missry does not recall whether she completed a form online to provide contact information and clicked "Submit," or whether she called the number listed on the social media post and provided her information over the phone.

31. If Ms. Missry submitted the form online, Ms. Missry did not click on the link to see the list of companies.

32. If Ms. Missry called Defendants directly, she did not consent to be called in the future.

33. Either as a result of her placing a call directly or receiving a call from Defendants, Ms. Missry spoke with a live person who told her she could save money on her health insurance premiums.

34. After speaking with the Defendants, Ms. Missry decided she was not interested in Defendants' services and told the person on the phone that she was not interested, and to not contact her again.

35.     Shortly after this conversation, Plaintiffs began receiving multiple telemarketing calls each day on their cellular telephone from, or on behalf of, Defendants from different numbers.

36.     The calls were automated and sometimes included a recording which asked the recipient to hold for a live representative or to press a number to stop receiving calls.

37.     Ms. Missry pressed the number to stop receiving calls many times.

38.     Whenever Ms. Missry spoke to a live person, she reiterated her desire not to be called.

39.     On March 20, 2018, Plaintiffs received a voice message on their cellular telephone from the number 216.220.2915:

> **Hi this this is Richard again from the health and wellness _____ I made several attempts to reach you I know you're probably _____ health insurance brokers trust me I understand I'm not here to waste your time I just want to find you the best plan for your budget call me today my number is 855-254-4045 again that's 855-254-4045.**

40.     The phone number 216.220.2915 is used by Defendants.

41.     Plaintiffs received many voice messages similar to the one they received on March 20th over the following months from Defendants originating from different phone numbers.

42.     After the calls began on or after March 15, 2018, Ms. Missry would sometimes answer the calls just so she could tell Defendants to stop calling her.

43.     After Ms. Missry received more calls, she set up a customized automatic reply on her phone which told Defendants to stop calling her.  When a call would come in from Defendants, Ms. Missry would press a button on her screen which would send the "do not call" message to the Defendants.

44. Plaintiffs received numerous calls both within thirty days of her first conversation with Defendants and after thirty days of her first conversation with Defendants. Defendants are responsible for initiating the calls described above.

45. Plaintiffs found the continued calls to be harassing and troubling, especially since they came from different numbers and were difficult to identify and block.

## VI. CLASS ACTION ALLEGATIONS

46. <u>Class Definitions</u>. Pursuant to FRCP 23(b)(2) and (b)(3), Plaintiffs bring this case as a class action on behalf of all persons in the United States who:

> <u>Cell Phone Class</u>: All persons in the United States to whom: (a) Defendants and/or a third party acting on Defendants' behalf, made one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

> <u>Internal Do-Not-Call Class</u>: All persons in the United States who: (a) received more than one telemarketing call, initiated by Defendants and/or on Defendants' behalf; (b) promoting Defendants' goods or services; (c) more than 30 days after requesting not to receive further calls; (d) in a 12-month period; (e) on their cellular telephone; and (f) at any time in the period that begins four years before the date of filing this Complaint to trial.

47. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and will conserve judicial resources.

48. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiffs and members of the Class. These common questions of law and fact include, but are not limited to, the following:

  a. As to Plaintiffs and the Internal Do Not Call Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violated 47 C.F.R. § 64.1200(d) by initiating any call for telemarketing purposes to Plaintiffs and members of the Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls;

  b. As to Plaintiffs and the Internal Do Not Call Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A), thus entitling Plaintiffs and the Class to treble damages;

49. <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories;

50. <u>Adequacy</u>.  Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

51. <u>Predominance</u>.  Defendants have engaged in a common course of conduct toward Plaintiffs and members of the Class.  The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

52. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply with the TCPA.  The interest of individual members of the Class in individually controlling the

prosecution of separate claims against Defendants is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims and class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

53. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendants have acted or failed to act on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiffs allege that the conduct complained of herein is substantially likely to continue in the future if an injunction is not entered.

### VII. CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF**
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

54. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

55. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice without consent.

56. Plaintiffs did not consent to receive calls using an ATDS and/or artificial or prerecorded voice.

57. If Plaintiffs clicked "Submit" on Defendants' online form which states that the visitor authorizes up to "eight insurance companies or their agents or partner companies,

8

including GoHealth, eHealth, or Select Quote" to contact them "using an automated telephone dialing system and/or an artificial or prerecorded voice, text message or email" such consent is invalid because it is not specific enough to satisfy the consent requirements under the TCPA and regulations promulgated thereunder.

58. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of the Cell Phone Class presumptively are entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiffs and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

**SECOND CLAIM FOR RELIEF**
**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

60. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

61. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

62. Plaintiffs did not consent to receive calls using an ATDS and/or artificial or prerecorded voice without consent.

63. If Plaintiffs clicked "Submit" on Defendants' online form which states that the visitor authorizes up to "eight insurance companies or their agents or partner companies, including GoHealth, eHealth, or Select Quote" to contact them "using an automated telephone dialing system and/or an artificial or prerecorded voice, text message or email" such consent is invalid because it is not specific enough to satisfy the consent requirements under the TCPA and regulations promulgated thereunder.

64. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of the Cell Phone Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

65. Plaintiffs and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

**THIRD CLAIM FOR RELIEF**
**(Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5))**
**Internal Do-Not-Call List**

66. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

67. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiffs and members of the Class, without following procedures for maintaining a list of persons who request not to receive telemarketing calls ("internal do-not-call list"). This includes

Defendants' failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

68. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of 47 C.F.R. § 64.1200(d), Plaintiffs and members of the Class are entitled to an award of $500 in statutory damages for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

69. Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## FOURTH CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5))
### Internal Do-Not-Call List

70. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

71. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiffs and members of the Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls. This includes Defendants' failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

72. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of 47 C.F.R. § 64.1200(d), Plaintiffs and members of the Class are entitled to an award of treble damages of

up to $1,500 for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

73. Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for judgment against Defendants as follows:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiffs as representatives of the proposed Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.    An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

    F.    An award to Plaintiffs and the Class of damages, as allowed by law;

    G.    An award to Plaintiffs and the Class of attorneys' fees and costs, as allowed by law and/or equity;

    H.    Leave to amend this Complaint to conform to the evidence presented at trial; and

    I.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## IX. DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of May, 2019.

By: /s/ Adam R. Gonnelli
_____

THE SULTZER LAW GROUP, P.C.
Jason P. Sultzer, Esq.
Joseph Lipari, Esq.
Adam Gonnelli, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

Alan N. Walkow, Esq.
WALKOW LAW OFFICE LLC
246 Monmouth Road
Oakhurst, New Jersey 07755
Tel: (732) 945-5250
Fax: (855) 783-1395
info@njnylawgroup.com

*Attorneys for Plaintiffs*