# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

CAROL MISSRY and HYMAN MISSRY,                 CASE NO. 1:18-cv-07226-SJ-LB
individually and on behalf all others similarly
situated,

      Plaintiffs,

v.

SAMUEL MESSINGER, AMERICA'S TRUST
INSURANCE, and ATI AGENCY, INC.,

      Defendants.

_____/


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT [D.E. 16] PURSUANT TO
<u>FED. R. CIV. P. 12(B)(2) AND FED. R. CIV. P. 12(B)(6)</u>**


40127115.1

## TABLE OF CONTENTS

INTRODUCTION...................................................................................................... 1

DISCUSSION .......................................................................................................... 4

   **I. Standard of Review**............................................................................................4

      A.   Standard of Dismissal for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2).... 4

      B.   Standard of Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6)............. 6

   **II. Argument** .........................................................................................................8

      A.   This Court Lacks Personal Jurisdiction Over Defendants Concerning the Claims of the Non-New York Putative Class Members ................................................. 8

      B.   Plaintiffs Continue to Fail to Allege Any Viable Claims Against Defendants Because Plaintiffs Cannot Specify What Allegations Apply to Whom When Plaintiffs Improperly Lump Together Messinger, America's Trust, and ATI as the Amorphous "Defendants"................................................................................. 11

      C.   Plaintiffs' Amended Complaint Still Fails to State a Claim Because Plaintiffs Fail to Plausibly Allege Use of an ATDS or Prerecorded or Artificial Voice ...................... 14

   **CONCLUSION** ........................................................................................................ 18

40127115.1

# **TABLE OF AUTHORITIES**

**Cases**

*Aikens v. Synchrony Fin. d/b/a Synchrony Bank*,
   15-10058, 2015 WL 5818911 (E.D. Mich. July 31, 2015) ...................................................... 17

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
   334 F. Supp. 2d 629 (D.N.J. 2004) ........................................................................................ 6

*Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*,
   16 CV 9281, 2018 WL 3474444 (N.D. Ill. July 19, 2018)…………………………………….9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... 7, 13

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) ............................................................................................ 11

*Bank v. Philips Electronics N. Am. Corp.*, No. 14-CV-5312-JG-VMS,
   2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015)..................................................................... 13

*Baranski v. NCO Financial Systems, Inc.*,
   No. 13–CV–6349 (ILG) (JMA), 2014 WL 1155304 (E.D.N.Y. Mar. 21, 2014)............... 14, 17

*Becker v. HBN Media, Inc.*,
   314 F. Supp. 3d 1342 (S.D. Fla. 2018)................................................................................ 10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................... 7

*Bristol Myers Squibb Co. v. Superior Court of California, San Francisco County*,
   137 S. Ct. 1773 (2017) ................................................................................................. *passim*

*Chernus v. Logitech, Inc.*, CV 17-673(FLW),
   2018 WL 1981481 (D.N.J. Apr. 27, 2018) ......................................................................... 10

*Chloé v. Queen Bee of Beverly Hills, LLC*,
   616 F.3d 158 (2d Cir. 2010) ................................................................................................ 5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) .................................................................................................... 4, 5, 6

*Doran v. Wells Fargo Bank, NA.*,
   878 F. Supp. 2d 1312 (S.D. Fla. 2012)................................................................................ 15

ii

*Fleming v. Diversified Consultants, Inc.*,
    No. 8:14-CV-2196-T-30, 2014 WL 6747150 (M.D. Fla. Nov. 26, 2014) ............................. 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)……………………………………………………………………………6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ....................................................................................................... 6

*Hensley Mfg. v. ProPride, Inc.*,
    579 F.3d 603 (6th Cir. 2009) .......................................................................................... 7

*Hinds County, Miss. v. Wachovia Bank N.A.*,
    620 F. Supp. 2d 499 (S.D.N.Y. 2009) ........................................................................... 11

*Horowitz v. AT&T Inc.*,
    No. 3:17-CV-4827-BRM-LHG, 2018 WL 1942525 (D.N.J. Apr. 25, 2018) ........................ 10

*In re Dental Supplies Antitrust Litig.*,
    No. 16CIV696BMCGRB, 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ............................ 10

*In re Sagent Tech. Derivative Litig.*,
    278 F. Supp. 2d 1079 (N.D. Cal. 2003) ........................................................................ 12

*International Shoe Company v. Washington*,
    326 U.S. 310 (1945) .................................................................................................. 5, 6

*Jankowski v. Lellock*,
    649 Fed. Appx. 184 (3rd Cir. 2016) ............................................................................... 7

*Jennings v. Cont'l Serv. Grp., Inc.*,
    239 F. Supp. 3d 662 (W.D.N.Y. 2017) .......................................................................... 14

*Johansen v. Vivant, Inc.*,
    No. 12 CV 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) ...................................... 15, 16

*Jones v. FMA Alliance Ltd.*,
    No. 13–11286–JLT, 2013 WL 5719515 (D. Mass. Oct.17, 2013) .................................... 14

*Kavon Denzel Ford v. Bluestem Brands, Inc.*,
    No. 18 CV 2695 (VB), 2019 WL 1046367 (S.D.N.Y. Mar. 5, 2019) ................................ 14

*Knutson v. Reply!, Inc.*,
    No. 10-CV-1267 BEN WMC, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011) .......................... 15

*Kramer v. Autobytel, Inc.*,
    759 F. Supp. 2d 1165 (N.D. Cal. 2010) ........................................................................ 15

iii

*Maclin v. Reliable Reports of Tex., Inc.*,
   No. 17 CV 2612, 2018 WL 1468821 (N.D. Ohio Mar. 26, 2018) ............................................. 9

*Martin v. Direct Wines, Inc.*, 15 C,
   757, 2015 WL 4148704 (N.D. Ill. July 9, 2015) ....................................................................... 17

*McCabe v. Caribbean Cruise Line, Inc.*,
   No. 13-cv-6131-JG-VMS, 2014 WL 3014874 (E.D.N.Y. July 3, 2014) .................................. 13

*McDonnell v. Nature's Way Products, LLC*,
   16 C 5011, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017) ........................................................... 9

*Metro. Life Ins. Co. v. Robertson–Ceco Corp.*,
   84 F.3d 560 (2d Cir.1996) .......................................................................................................... 4

*Nautilus Ins. Co. v. Adventure Outdoors, Inc.*,
   247 F.R.D. 356 (E.D.N.Y. 2007) ................................................................................................ 4

*Nielsen v. AECOM Tech. Corp.*,
   762 F.3d 214 (2d Cir. 2014) ....................................................................................................... 7

*Norman v. Sito Mobile Solutions*,
   No. 17-2215, 2017 WL 1330199, at (D.N.J. Apr. 6, 2017) ............................................... 15, 16

*Papasan v. Allain*,
   478 U.S. 265 (1986) .................................................................................................................... 7

*Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*,
   301 F. Supp. 3d 840 (N.D. Ill. March 12,  2018) ...................................................................... 9

*Reyes v. Lincoln Auto. Fin. Servs.*,
   861 F.3d 51 (2d Cir. 2017) ....................................................................................................... 14

*Snyder v. Perry*,
   No. 14-CV-2090 (CBA)(RER), 2015 WL 1262591 (E.D.N.Y. Mar. 18, 2015) ................ 15, 16

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir. 2014) ....................................................................................................... 5

*Trenk v. Bank of America*,
   No. 17-3472, 2017 WL 4170351 (D.N.J. Sept. 20, 2017) ........................................................ 15

*Trumper v. GE Capital Retail Bank*,
   79 F. Supp. 3d 511 (D.N.J. 2014) ............................................................................................. 14

*Walden v. Fiore*,
   571 U.S. 277 (2014) .................................................................................................................... 4

iv

*Weaver v. Wells Fargo Bank N.A.*,
    No. 8:15-CV-1247-T-23TGW, 2015 WL 4730572 (M.D. Fla. Aug. 10, 2015) ...................... 15

*Wenokur v. AXA Equitable Life Ins. Co.*,
    CV-17-00165-PHX-DLR, 2017 WL 4357916, n. 4 (D. Ariz. Oct. 2, 2017) .......................... 10

*Wolo Mfg. Corp. v. ABC Corp.*,
    349 F. Supp. 3d 176 (E.D.N.Y. 2018) ....................................................................................... 5

*Zelma v. Burken*,
    No. 2:16-02559-CCC-MF, 2017 WL 58581 (D.N.J. Jan. 4, 2017) ............................................ 4

*Zemel v. CSC Holdings LLC*,
    No. 16-4064-BRM-DEA, 2017 WL 1503995 (D.N.J. Apr. 26, 2017) ..................................... 14

## **Statutes**

47 U.S.C. § 227 ................................................................................................................................. 1

47 U.S.C. § 227(b)(1)(A) ................................................................................................................ 14

## **Rules**

Fed. R. Civ. P. 4(k) ........................................................................................................................... 6

Fed. R. Civ. P. 8(a) ............................................................................................................... 8, 9, 10, 16

Fed. R. Civ. P. 12(b)(2) ........................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ i, 4, 8

N.Y. C.P.L.R. § 302(a) ..................................................................................................................... 7

40127115.1

Defendants, Samuel Messinger ("Messinger"), America's Trust Insurance ("America's Trust"), and ATI Agency, Inc. ("ATI") (collectively, "Defendants"), by and through the undersigned attorneys and pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the Eastern District of New York, hereby file and serve this Motion to Dismiss the Amended Complaint [D.E. 16] filed by Plaintiffs, Carol Missry and Hyman Missry (collectively, "Plaintiffs"), for lack of jurisdiction and failure to state a claim upon which relief can be granted. In support thereof, Defendants state as follow:

## INTRODUCTION

On December 19, 2018, Plaintiffs, on behalf of themselves and purportedly on behalf of a nationwide class, filed their initial Complaint [D.E. 1] ("Initial Complaint") against Defendants seeking to somehow allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In response to Plaintiffs' Initial Complaint, on March 14, 2019, Defendants filed a Motion to Dismiss [D.E. 7] pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (the "Initial Motion to Dismiss"). On May 2, 2019, and in lieu of filing a response to Defendants' Initial Motion to Dismiss (perhaps because the Initial Complaint was indefensible), Plaintiffs filed an Amended Complaint in an unavailing attempt to correct the pleading deficiencies outlined for Plaintiffs in Defendants' Initial Motion to Dismiss. Plaintiffs' Amended Complaint does not, and indeed does not even appear to attempt to correct the glaring personal jurisdiction issues raised in Defendants' Initial Motion to Dismiss and continues to suffer the same pleading deficiencies contained in the Initial Complaint, as argued in the Initial Motion to Dismiss. At bottom, Plaintiffs' latest amendment establishes these fatal pleading deficiencies cannot be properly remedied and now have actually been magnified by

1

Plaintiffs' Amended Complaint.

The Amended Complaint continues to allege Plaintiffs "reside in Brooklyn, New York," Defendants America's Trust and ATI are "Florida corporations with principal places of business in Pompano Beach, Florida," and Defendant Messinger "is an individual who owns and runs [America's Trust] and [ATI] and whose principal place of business is in Pompano Beach, Florida." D.E. 16, ¶3–5. Pursuant to the United States Supreme Court's recent decision in *Bristol Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017) ("*Bristol-Myers*"), the Amended Complaint continues to wholly fail to meet Plaintiffs' burden of alleging facts sufficient to establish this Court's personal jurisdiction over any of the Defendants concerning the claims of the non-New York residents Plaintiffs seek to have included in the putative classes as defined by Plaintiffs—definitions that include "all persons in the United States . . . ." D.E. 16, ¶46. These supposed non-New York putative class members are not alleged to have any connection to the state of New York such that Plaintiffs fail to establish this Court has specific jurisdiction over Defendants and the claims of these supposed non-New York putative class members. Further, the Amended Complaint fails to allege any facts establishing this Court's general jurisdiction over Defendants and the claims of these supposed non-New York putative class members. Accordingly, the non-New York putative class members' claims should be dismissed with prejudice for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Even if this Court disagreed with *Bristol-Myers* and determined it has jurisdiction over Defendants concerning the non-New York putative class members' alleged claims, Plaintiffs continue to fail to allege sufficient and material facts to state any claim under the TCPA. Rather than identify and allege the substance of the supposed TCPA violations,

2

40127115.1

Plaintiffs continue to lump together Messinger, America's Trust, and ATI, or some combination thereof, as the vague and amorphous "Defendants." Identical to the Initial Complaint, the Amended Complaint completely fails to allege sufficient facts somehow establishing how Messinger, America's Trust, and ATI—as opposed to the nebulous "Defendants"—somehow violated the TCPA.[1] Instead, Plaintiffs merely state "Plaintiffs do not know the exact role of each Defendant in the wrongdoing alleged herein, since that information is solely within the knowledge of Defendants." D.E. 16, ¶7. While Plaintiffs may not know the supposed "exact role of each Defendant," Plaintiffs certainly must allege facts tying each specific Defendant to each of Plaintiffs' claims. Plaintiffs' allegation simply does not and cannot remedy Plaintiffs' pleading defects. The Amended Complaint continues to fail to provide the most basic notice to each Defendant.

Like the Initial Complaint, the Amended Complaint fails to allege material facts to support Plaintiffs' supposed TCPA claims. Instead, the Amended Complaint continues to allege irrelevant and vague conclusory statements while imprecisely parroting the language of the TCPA. *See* D.E. 16, ¶24 (Defendants "use ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers."). Such pleading practice impermissibly fails to provide plausible factual allegations to support Plaintiffs' conclusory assertions, including, but not limited to, the subject matter of the purported calls, the date and times when the purported calls were allegedly received, the caller's identity, and the number of calls allegedly received. Plaintiffs' continued failure to sufficiently plead necessary and critical facts constitutes a fatal defect in the

---

[1] Plaintiffs' improper pleading technique of lumping is exacerbated by Plaintiffs seeking to include the "present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities" of each Defendant into Plaintiffs' definition of "Defendants."

3

Amended Complaint. Accordingly, because Plaintiffs have already been allowed to amend their Initial Complaint, Plaintiffs' Amended Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## **DISCUSSION**

I.     **Standard of Review**

    **A.     Standard of Dismissal for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)**

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes defendants to seek dismissal of an action for lack of personal jurisdiction and governs a motion to dismiss for lack of personal jurisdiction. *Nautilus Ins. Co. v. Adventure Outdoors, Inc.*, 247 F.R.D. 356, 358 (E.D.N.Y. 2007). Under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction. *See Id.* (citing *Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.1996)); *see also Zelma v. Burken*, No. 2:16-02559-CCC-MF, 2017 WL 58581, at *2 (D.N.J. Jan. 4, 2017) (specifically applicable to a lawsuit involving a claim under the TCPA).

The United States Supreme Court has continued to limit the scope of both general personal jurisdiction and specific personal jurisdiction creating a more stringent test before allowing a plaintiff to haul a defendant into court. *See Daimler AG v. Bauman*, 571 U.S. 117, 117 (2014) (only allowing a court to assert general jurisdiction over foreign corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."); *Walden v. Fiore*, 571 U.S. 277 (2014) (applicable to specific personal jurisdiction). Following *Daimler AG* and *Walden*, the Supreme Court in *Bristol-Myers* further clarified that courts cannot exercise specific personal jurisdiction over a nonresident defendant with respect to a nonresident's claims based merely on the defendant's contacts with

4

other individuals that reside in the forum state. *Bristol-Myers*, 137 S. Ct. at 1781.

Claims filed pursuant to a federal statute must still establish the court has personal jurisdiction over the defendant. To determine personal jurisdiction, this Court must follow a two-step inquiry: first, the court must apply the forum state's long-arm statute; and second, the court must apply the Due Process Clause of the United States Constitution. *See Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (finding that the District Court lacked personal jurisdiction over the defendant even though the defendant had contacts with the forum state); *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 194–95 (E.D.N.Y. 2018); Fed. R. Civ. P. 4(k). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler*, 571 U.S. at 125.

New York's long-arm statute provides, in relevant part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; . . . or 3. commits a tortious act without the state causing injury to person or property within the state, ... if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

N.Y. C.P.L.R. § 302(a). "In determining the strength of the contacts under both section 302(a)(1) and the Due Process Clause, [federal courts] look to the totality of Defendants' contacts with the forum state." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).

*International Shoe Company v. Washington*, 326 U.S. 310 (1945) and its progeny establish the doctrinal test under the Due Process Clause: for a court to exercise personal jurisdiction over a nonresident defendant such as Defendants, Messinger, America's Trust, and

ATI, the defendant must have sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l. Shoe*, 326 U.S. at 316.

Depending on the nature of a defendant's contacts with the forum state, "[a] court can assert either specific or general jurisdiction over a defendant." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004). General jurisdiction relates to a defendant's general business activities within the forum state. *See e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). In all but the most exceptional cases, general jurisdiction over a corporation is limited to its place of incorporation and/or principal place of business. *See Daimler*, 571 U.S. at 129, n.19. Specific jurisdiction, by contrast, relates to the connection between a defendant's contacts with the forum state and the underlying controversy. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

As expounded upon below in Section II(A), under these applicable standards, the non-New York putative class members who are not alleged to have any connection to the state of New York cannot rely upon general jurisdiction to proceed with their claims because, as recognized by Plaintiffs, Defendants are not incorporated, headquartered, or otherwise "at home" in New York. *See* D.E. 16, ¶4–5. To the extent Plaintiffs continue to attempt to bring such claims on behalf of "all others similarly situated," they could only do so where general jurisdiction actually exists. Accordingly, Defendants are entitled to a dismissal of all non-New York putative class members' claims with prejudice.

**B.    Standard of Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6)**

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

6

to relief." Fed. R. Civ. P. 8(a). While the Court must accept all well-pleaded factual allegations in a complaint as true, the Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In assessing a motion to dismiss, the Court determines whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (finding that a plaintiff's claims did not rise above a speculative level such that the defendant was entitled to an order dismissing plaintiff's complaint). Indeed, such factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Jankowski v. Lellock,* 649 Fed. Appx. 184, 186 (3rd Cir. 2016); *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009). Plaintiff bears the burden to articulate enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570; *Iqbal* 556 U.S. at 678. While Fed. R. Civ. P. 8 does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.

Indeed, *Iqbal* suggests that the courts adopt a two-pronged approach to apply these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Iqbal*, 556 U.S. at 678-79. As expounded below in Section II(B) through II(C), much of Plaintiffs' Amended Complaint contains mere legal conclusions couched as "allegations," which must be disregarded by this Court, and the remaining allegations do not plausibly give rise to an entitlement to relief.

Accordingly, Defendants are entitled to a dismissal of Plaintiffs' claims with prejudice.

## II.     Argument

### A.     This Court Lacks Personal Jurisdiction Over Defendants Concerning the Claims of the Non-New York Putative Class Members

Plaintiffs seek to represent a nationwide class in all fifty (50) states. However, on its face, the Amended Complaint reveals this Court lacks specific personal jurisdiction over Defendants concerning any alleged claim of the non-New York putative class members because their alleged claims, if any, lack any connection to the state of New York. Similarly, the face of the Amended Complaint reveals this Court does not have general personal jurisdiction over Defendants concerning the non-New York putative class members' purported claims, if any, because Defendant Messinger is alleged to be a resident of Pompano Beach, Florida, and Defendants America's Trust and ATI are alleged to be Florida corporations with their principal places of business in Pompano Beach, Florida. *See* D.E. 16, ¶¶4–5.

In *Bristol-Myers*, the Supreme Court left no doubt that specific jurisdiction exists only when the suit arises out of, or relates to, the nonresident defendant's contacts with the forum. *Bristol-Myers*, 137 S. Ct. at 1780. Regardless of the level of a defendant's activities within the forum, specific jurisdiction is absent where the underlying claim has no connection with these activities. *Id*. Specifically, in *Bristol-Myers*, the Supreme Court analyzed whether a California state court could exercise specific jurisdiction over non-resident plaintiffs' mass tort action claims. *Id*. The Court found that "in order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum State. . . When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected

activities in the State." *Id*. at 1781 (internal citation omitted). Based upon this principle, the Supreme Court rejected the argument that in-state plaintiffs' alleged injuries constituted a sufficient nexus with the out-of-state putative plaintiffs' claims so as to give rise to specific jurisdiction: "[t]he mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the non-residents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id*. Thus, if Plaintiffs alleged Defendants made calls from New York (they do not) or the non-New York putative class received calls within the state of New York (they do not), Plaintiffs could potentially allege specific jurisdiction over Defendants concerning the supposed claims of the non-New York putative class members. However, Plaintiffs have not, do not, and cannot.

While *Bristol-Myers* was a mass tort action originating in state court, neither the form of the action nor the court in which the action is brought alters the basic principle: a court cannot exercise specific personal jurisdiction over a foreign defendant based on claims that do not relate to the defendant's contacts with the forum. Indeed, courts have applied the *Bristol-Myers* analysis to dismiss for lack of specific personal jurisdiction cases brought on behalf of out-of-state putative class members regardless of the nature of the claims. *See, e.g., Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 16 CV 9281, 2018 WL 3474444, at *2 (N.D. Ill. July 19, 2018) (holding in the TCPA context that "[t]his Court lacks jurisdiction over the [d]efendants as to the claims of the nonresident, proposed class members . . . those class members who are not Illinois residents and who allegedly received the fax outside of this state's borders may not be part of this case."); *Maclin v. Reliable Reports of Tex., Inc.*, No. 17 CV 2612, 2018 WL 1468821, at *4 (N.D. Ohio Mar. 26, 2018) (holding that the Court did not have personal jurisdiction over the FLSA claims asserted by non-Ohio plaintiffs under Rule 12(b)(2)); *Practice Mgmt. Support*

9

*Services, Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. March 12, 2018) (holding that the class claims would be limited to those involving Illinois residents); *McDonnell v. Nature's Way Products, LLC*, 16 C 5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017) (applying *Bristol-Myers* and declining to exercise specific jurisdiction over non-resident class members' claims); *Wenokur v. AXA Equitable Life Ins. Co.*, CV-17-00165-PHX-DLR, 2017 WL 4357916, at *4, n. 4 (D. Ariz. Oct. 2, 2017) ("[t]he Court also notes that it lacks personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class"); *In re Dental Supplies Antitrust Litig.*, No. 16CIV696BMCGRB, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) (Cogan, J.) (applying *Bristol-Myers* to a class action, holding that "[t]he constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case").[2] Indeed, the District Court of New Jersey granted a motion to dismiss based in part on *Bristol-Myers* when the defendant argued at the motion to dismiss stage that the non-resident plaintiffs failed to establish any connection between their claims and the defendants' activities in New Jersey. *Horowitz v. AT&T Inc.*, No. 3:17-CV-4827-BRM-LHG, 2018 WL 1942525, at *15 (D.N.J. Apr. 25, 2018).[3]

Here, just as in *Bristol-Myers*, Plaintiffs purport to bring claims on behalf of a nationwide group of plaintiffs, not just those who reside in the state of New York. Likewise, this Court lacks specific jurisdiction over the claims of the non-New York putative class members as reflected on the face of Plaintiffs' Amended Complaint that, like the Initial Complaint, does not identify any

---

[2] *But see Becker v. HBN Media, Inc.*, 314 F. Supp. 3d 1342, 1345 (S.D. Fla. 2018).
[3] *But see Chernus v. Logitech, Inc.*, CV 17-673(FLW), 2018 WL 1981481, at *8 (D.N.J. Apr. 27, 2018).

link between these claims and the state of New York. For instance, Plaintiffs do not allege the non-New York putative class members were somehow injured in the state of New York, or that Defendants' alleged actions **in state of New York** somehow caused these purported class members harm. The named Plaintiffs' alleged New York residence and supposed damage in the state of New York is not sufficient to establish this Court's specific personal jurisdiction over Defendants concerning the non-New York putative class members' claims, if any, that do not arise from any connection to the state of New York. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781.

Additionally and in contrast to the defendant in *Bristol-Myers*, Defendants' general contacts with New York are non-existent. Indeed, the Amended Complaint does not even attempt to establish this Court's general jurisdiction over Defendants. Accordingly, because this Court lacks either specific or general jurisdiction over Defendants concerning the supposed claims of the non-New York putative class members, Defendants are entitled to dismissal with prejudice of the putative nationwide class of all persons in the United States pursuant to Fed. R. Civ. P. 12(b)(2). To hold otherwise would be a violation of Defendants' Due Process rights.

 **B. Plaintiffs Continue to Fail to Allege Any Viable Claims Against Defendants Because Plaintiffs Cannot Specify What Allegations Apply to Whom When Plaintiffs Improperly Lump Together Messinger, America's Trust, and ATI as the Amorphous "Defendants"**

As a threshold matter applicable to each count of the Amended Complaint, dismissal of Plaintiffs' Amended Complaint continues to be warranted because Plaintiffs failed to plead any facts demonstrating that any of the Defendants could be liable for making the alleged calls. Plaintiffs' generic reference to conduct by "Defendants" is insufficient to withstand a motion to dismiss. A complaint that lumps defendants together in a claim, without providing factual allegations to distinguish their conduct, is insufficient as a matter of law under Fed. R. Civ. P. 8.

*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001); *Hinds County, Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 512 (S.D.N.Y. 2009) (dismissing antitrust conspiracy claims against certain defendants due to lack of **individualized allegations** against those defendants). *In re Sagent Tech. Derivative Litig.*, 278 F. Supp. 2d 1079, 1094–95 (N.D. Cal. 2003) (dismissing complaint that "lump[ed]" defendants together without alleging which defendant was responsible for which wrongful acts and noting that such pleading fails to give defendants "fair notice" of the claims against them).

There are no factual allegations that Messinger, America Trust, and/or ATI, respectively, took any affirmative action related to Plaintiffs. Instead, Plaintiffs lump each of the Defendants (or some combination of the Defendants) together as "Defendants" without alleging any facts in support of Plaintiffs' claims that each Defendant somehow violated the TCPA. Towards this end, Plaintiffs have not properly alleged that any of the Defendants either "made" or "initiated" the alleged calls at issue; Plaintiffs do not allege the substance of the supposed call(s), let alone the identity of the actual participants as the apparent quote that Plaintiffs cite in their Amended Complaint [*see* D.E. 16, ¶39][4] does not even mention one of the Defendants' names. Despite Plaintiffs' glaring lacking of facts, the Amended Complaint somehow concludes "the phone number 216.220.2915 is used by Defendants" [D.E. 16, ¶40], "Defendants are responsible for initiating the calls described above" [D.E. 16, ¶44], and Plaintiffs received the calls at issue "from or on behalf of Defendants . . ." [D.E. 16, ¶35].  The Amended Complaint

---

[4] A particularly concerning absence of facts as the only allegation of substance concerning the call identifies an unknown entity and none of the named Defendants. *See* D.E. 16, ¶39 ("Hi this **this is Richard** against **from the health and wellness** _____ I made several attempts to reach you I know you're probably _____ health insurance brokers trust me I understand I'm not here to waste your time I just want to find you the best plan for your budget call me today my number is 855-254-4045 against that's 855-254-4045.") (emphasis added).

and its allegations and claims are the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that cannot withstand judicial scrutiny, *Iqbal*, 556 U.S. at 678; particularly where, as here, the Defendants are improperly lumped together and deprived of notice as to their respective conduct that somehow supports Plaintiffs' claims. Plaintiff's Amended Complaint falls woefully short of this fundamental pleading requirement and should be dismissed with prejudice because Plaintiffs tried, failed, and cannot allege the necessary facts that do not exist.

Further and in the event that Plaintiffs continue to attempt to assert a theory of vicarious liability, Plaintiffs' Amended Complaint still falls far short of the minimum required. Indeed, this Court has recently dismissed claims brought on similar grounds. *See McCabe v. Caribbean Cruise Line, Inc.*, No. 13-cv-6131-JG-VMS, 2014 WL 3014874, at *2 (E.D.N.Y. July 3, 2014) (Gleeson, J.) (dismissing TCPA claim against several defendants because the complaint "fails to plausibly plead that each of the defendants was responsible for the telephone call received by McCabe"); *Bank v. Philips Electronics N. Am. Corp.*, No. 14-CV-5312-JG-VMS, 2015 WL 1650926, at *2 (E.D.N.Y. Apr. 14, 2015) (Gleeson, J.) (dismissing complaint where vicarious liability allegations insufficiently pled). In *Philips*, this Court held that the plaintiff's allegation that "the calls were 'made by, or on behalf of, or with the authorization of, an authorized dealer of Philips'" were "insufficient for the same reasons stated in *McCabe*." *Philips*, 2015 WL 1650926 at *2.

Here, Plaintiffs' amended allegations are even more threadbare than those that led to dismissal in *McCabe* and *Philips*. Again, not one single amended factual allegation connects the alleged calls to any of the Defendants. Such a "formulaic recitation" of liability has already been rejected by this Court in *Philips* and should be rejected here as well. Simply put, Plaintiffs have

13

failed, and continue to fail, to plead any theory of liability against Defendants, and Plaintiffs' Amended Complaint should be dismissed with prejudice.

### C.    Plaintiffs' Amended Complaint Still Fails to State a Claim Because Plaintiffs Fail to Plausibly Allege Use of an ATDS or Prerecorded or Artificial Voice

To state a claim under the TCPA, Plaintiff must allege: (1) that the defendant called the plaintiff's cellular phone; (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A); *Kavon Denzel Ford v. Bluestem Brands, Inc.*, No. 18 CV 2695 (VB), 2019 WL 1046367, at *3 (S.D.N.Y. Mar. 5, 2019) (citing *Jennings v. Cont'l Serv. Grp., Inc.*, 239 F. Supp. 3d 662, 665 (W.D.N.Y. 2017)); *see also Zemel v. CSC Holdings LLC,* No. 16-4064-BRM-DEA, 2017 WL 1503995, at *5 (D.N.J. Apr. 26, 2017) (dismissing plaintiff's complaint because he failed to plead any harm beyond a mere statutory violation and thus did not sufficiently allege an injury-in-fact). Additionally, the TCPA "does not permit a party who agrees to be contacted as part of a bargained-for exchange to unilaterally revoke that consent." *Reyes v. Lincoln Auto. Fin. Servs.*, 861 F.3d 51, 56 (2d Cir. 2017). Because Plaintiffs continue to fail to allege any facts supporting their conclusory and vague allegations that Defendants somehow allegedly used an ATDS, the Amended Complaint fails as a matter of law and should be dismissed with prejudice.

Federal courts across the country have found that conclusory allegations of an ATDS are insufficient to state a claim under the TCPA. *See e.g., Baranski v. NCO Financial Systems, Inc.,* No. 13–CV–6349 (ILG) (JMA), 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (citing *Jones v. FMA Alliance Ltd.,* No. 13–11286–JLT, 2013 WL 5719515, at *1 (D. Mass. Oct.17, 2013)) (holding that "a bare allegation that defendants used an ATDS is not enough."); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (holding that plaintiff's TCPA claim failed because under *Twombly* and *Iqbal*, plaintiff made only conclusory

14

allegations that defendant placed calls using an ATDS or an artificial or prerecorded voice); *Trenk v. Bank of America*, No. 17-3472, 2017 WL 4170351, at *2 (D.N.J. Sept. 20, 2017) (dismissing TCPA claim because plaintiff's complaint did not provide any factual allegation about whether the calls and text messages were automated or prerecorded); *Johansen v. Vivant, Inc.*, No. 12 CV 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (finding that without enhancing the complaint with anything more than the language of the statute, plaintiff provided only a threadbare formulaic recitation of the elements of a TCPA cause of action which is not entitled to the assumption of truth); *Weaver v. Wells Fargo Bank N.A.*, No. 8:15-CV-1247-T-23TGW, 2015 WL 4730572, at *4 (M.D. Fla. Aug. 10, 2015) (dismissing plaintiff's TCPA claim because he alleged only that the defendant used an automated dialing system, and therefore fails to explain the circumstances that suggest defendant used an automatic calling device); *Doran v. Wells Fargo Bank, NA.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) (dismissing plaintiff's TCPA complaint because the plaintiff failed to provide any facts about the automated or pre-recorded nature of the calls defendant allegedly made); *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN WMC, 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (dismissing a TCPA claim where there was nothing in the complaint that allowed the court to infer the calls were randomly generated or impersonal); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding that isolated allegations stating the defendant used an ATDS to place the calls is conclusory and does not meet the standard under *Iqbal* and *Twombly*). To plead a claim under the TCPA, Plaintiffs must do more than simply parrot statutory language. *See Snyder v. Perry*, No. 14-CV-2090 (CBA)(RER), 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015); *Norman v. Sito Mobile Solutions*, No. 17-2215, 2017 WL 1330199, at *2 (D.N.J. Apr. 6, 2017).

15

40127115.1

In *Johansen*, the court weighed the general need to sufficiently allege a TCPA claim beyond a speculative level together with the burden imposed on a plaintiff bringing the claim, and gave an informative analysis of pleading TCPA claims against the backdrop of *Iqbal* and *Twombly*. The *Johansen* Court explained:

> [A] TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the "person" calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS.
>
> . . . It is not unreasonable, however, to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via [an ATDS]. This approach does not burden plaintiffs unduly by requiring pleading of technical details impossible to uncover without discovery, rather it necessitates that they plead only facts easily available to them on the basis of personal knowledge and experience. At the same time, it gives fair notice to defendants by 'distinguish[ing] the particular case that is before the court from every other hypothetically possible case' under the TCPA, and avoids the potential abuse of the discovery process to pressure defendants into settling weak cases. This approach balances the requirements of liberal pleading for plaintiffs and fair notice to defendants underpinning our legal system.

*Johansen*, 2012 WL 6590551, at *3 (internal citations omitted). Bare assertions reciting the statutory elements of a claim and lacking factual support like those found in Plaintiffs' Amended Complaint are insufficient to withstand a motion to dismiss. *Snyder*, 2015 WL 1262591, at *8 (dismissing a bare bones TCPA complaint because the plaintiffs failed to allege the claims with factual specificity); *Norman*, 2017 WL 1330199, at *2 (dismissing plaintiff's TCPA claim because plaintiff's allegations failed to put defendant on notice of its allegedly offending behavior); *Fleming v. Diversified Consultants, Inc.*, No. 8:14-CV-2196-T-30, 2014 WL 6747150, at *1 (M.D. Fla. Nov. 26, 2014) (dismissing plaintiff's TCPA complaint because the

16

allegations that defendant called plaintiff's cell phone intentionally and repeatedly, without express permission and with an automated telephone dialing system, "do not create any inference supporting the allegation that calls were made using an automatic dialing system, and are insufficient to state a facially plausible claim").

Here, Plaintiffs' allegations about Defendants' alleged use of an ATDS are wholly conclusory. *See e.g.*, D.E. 16, ¶24. Plaintiffs must do more than simply parrot the statutory language. While Plaintiffs need not plead specific technical details regarding the use of an ATDS, they "must at least describe, in layman's terms, the **facts** surrounding the calls or the **circumstances** surrounding the calls that make it plausible that they were using an ATDS." *See Baranski,* 2014 WL 1155304, at *6 (emphasis added). Plaintiffs do not allege any such facts or circumstances, including the presence of a robotic voice, a distinctive "click and pause," or dead air after having answered any telephone call at issue, most likely because these facts do not exist. *See e.g., Martin v. Direct Wines, Inc.*, 15 C 757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015); *Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, 15-10058, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015). To the contrary, the Amended Complaint tends to refute that Defendants were using an ATDS because Plaintiffs allege that Plaintiff Carol Missry "[e]ither as a result of her placing a call directly or receiving a call from Defendants, Ms. Missry spoke with a **live person** who told her she could save money on her health insurance premiums." D.E. 16, ¶33 (emphasis added). Plaintiffs' Amended Complaint continues to fail to set forth facts and circumstances to make it plausible that Plaintiffs were contacted via an ATDS by either Defendant, Messinger, America's Trust, or ATI.

Because Plaintiffs' have tried (and failed) to correct these defects, the Amended Complaint is absent of any actual factual allegations about the circumstances surrounding the

17

40127115.1

alleged calls that even remotely support Plaintiffs' allegations, rather than the conclusory allegations that alleged calls were made by Defendants using an ATDS without providing any specificity. Nothing even remotely links "Defendants" to the alleged calls Plaintiffs' allegedly received. Because Plaintiffs have tried, but failed to correct these pleading deficiencies, the Amended Complaint should be dismissed with prejudice.

## CONCLUSION

**WHEREFORE**, Defendants, Samuel Messinger, America's Trust Insurance, and ATI Agency, Inc., respectfully request this Court enter an Order dismissing Plaintiffs', Carol Missry and Hyman Missry, Amended Complaint [D.E. 16] pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) with prejudice, and award any such further and other relief in favor of Defendants as this Court deems just and proper.

Dated: May **16**, 2019.                                   Respectfully submitted,

By:   */s/ Beth-Ann E. Krimsky*
      BETH-ANN E. KRIMSKY
      NY Bar No. 2321115
      Email: beth-ann.krimsky@gmlaw.com
      Email: clemencia.corzo@gmlaw.com
      **GREENSPOON MARDER LLP**
      590 Madison Avenue, Suite 1800
      New York, New York 10022
      JAMEY R. CAMPELLONE
      Fla. Bar No. 119861
      *Admitted Pro Hac Vice*
      Email: jamey.campellone@gmlaw.com
      Email: shayna.turpenen@gmlaw.com
      **GREENSPOON MARDER LLP**
      200 East Broward Blvd., Suite 1800
      Fort Lauderdale, Florida 33301
      Tel: (954) 527-2427
      Fax: (954) 333-4027

40127115.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the **16th** day of May, 2019, I electronically filed the foregoing Motion to Dismiss Plaintiffs' Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By: _/s/ Beth-Ann E. Krimsky_
        BETH-ANN E. KRIMSKY
        NY Bar No. 2321115

19

40127115.1